# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

IN RE PATTI SCHULTZ,

        Debtor,

PATTI SCHULTZ,

        Plaintiff,

v.

NATIONAL DEBT RELIEF LLC,

        Defendant.

Bankruptcy Case Number
24-82241-CRJ-7

Adversary Proceeding No.

## COMPLAINT

The debtor in this bankruptcy case and plaintiff in this adversary proceeding, Patti Schultz ("Schultz"), makes the following allegations in her complaint against the Defendant, National Debt Relief LLC ("NDR").

## PARTIES

1. Schultz is the debtor in the above-referenced Chapter 7 bankruptcy case commenced on November 15, 2024.

2. NDR is a limited liability company organized and existing under the laws of the state of New York. At all times material to this complaint, NDR regularly and systematically conducted business in the State of Alabama, and, in particular, within that portion of the state of Alabama lying within this court's district and division. Schultz did business with NDR within this district and division, and it is these business transactions that give rise to this litigation.

## JURISDICTION

3. This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of Schultz's estate, requests the return of property of the estate, and affects the adjustment of the debtor-creditor relationship between Schultz and the Defendant. Consequently, this is a core proceeding, and this court has

jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O), and 28 U.S.C. §1334(b). Courts in the Eleventh Circuit have explained that "any rights arising from a violation of the automatic stay are substantive rights created by the Bankruptcy Code and are thus quintessentially core matters."[1]

## BACKGROUND FACTS AND NATURE OF ACTION

4. In accordance with the Federal Rules of Bankruptcy Procedure - Rule 1007(a) and 11 U.S.C. §521(a), the debtor filed with her Chapter 7 petition a list of creditors with their names and addresses. Contained in that list was NDR.

5. In accordance with the Federal Rules of Bankruptcy Procedure - Rule 2002 and 11 U.S.C §342, the Clerk sent notice of the debtor's Chapter 7 bankruptcy filing and 341 Meeting of Creditors to NDR via electronic transmission through the Bankruptcy Noticing Center on November 16, 2024. (See Exhibit 1 - BNC Certificate of Notice).

6. As a result of NDR being included in the list of creditors filed by the debtor with her petition and the Clerk's sending of notice of her Chapter 7 bankruptcy, the Defendant had both notice and actual knowledge of both the commencement of and all the proceedings in Schultz's bankruptcy case.

7. Pursuant to §362(a) of the Bankruptcy Code, the commencement of Schultz's bankruptcy case gave rise to the automatic stay which, among other things, prohibits NDR from attempting to collect from Schultz any pre-petition obligation owed by Schultz to NDR.

8. The Plaintiff asserts that despite having both notice and actual knowledge of the commencement of Schultz's bankruptcy case, NDR placed a post-petition phone call and sent a post-petition email to Schultz in an attempt to collect a prepetition debt owed by Schultz to NDR in violation of 11 U.S.C. §362(a)(6).

9. Schultz brings this action to recover the actual damages she has sustained as a result of the defendant's willful violations of the automatic stay in this case and to recover compensatory and punitive damages from the defendant for those violations under 11 U.S.C. § 362(k) of the Bankruptcy Code, which provides that "an individual injured by any willful violation of the stay provided by this section shall recover actual damages, including costs and attorney's fees, and in

---

[1] *See Walker v. Got'cha Towing & Recovery, LLC* (*In re Walker*), 551 B.R. 679, 686 (Bankr. M.D. Ga. 2016)(citing *Banks v. Kam's Auto Sales* (*In re Banks*), 521 B.R. 417, 420 (Bankr. M.D. Ga. 2014)).

appropriate circumstances, may recover punitive damages."[2] In the case of *Parker v. Credit Central South, Inc.* (*In re Parker*), 634 Fed. Appx. 770 (11th Circuit 2015), the Eleventh Circuit held that the costs and attorney's fees incurred by a debtor "to halt the violation of the automatic stay and to prosecute his action for damages constitutes an injury."[3]

**CLAIM – VIOLATION(S) OF THE AUTOMATIC STAY**

10. Despite the imposition of the automatic stay by the commencement of the Debtor's bankruptcy case and having both notice and actual knowledge of the commencement of the Debtor's bankruptcy case, NDR placed a post-petition phone call and sent a post-petition email to Schultz. The Plaintiff asserts that the Defendant's actions constituted multiple acts to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title in violation of 11 U.S.C. §362(a)(6).

11. NDR sent the debtor a statement via email on November 15th that listed a balance of $690.29, which included monthly service charges, legal fees, and settlement fees. (See Exhibit 2 – NDR Statement).

12. NDR placed a post-petition phone call to the debtor on November 18, 2024. The debtor answered the call and spoke with a representative of NDR and asked her to verify and discuss her account. (See Exhibit 3 – NDR Call). The Plaintiff asserts that the post-petition phone calls from NDR constituted an act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title in violation of 11 U.S.C. §362(a)(6).

13. NDR sent a post-petition email to the debtor on November 20, 2024. The email stated: "Our office attempted to reach you today by telephone regarding your Debt Relief Program. Please contact our office as soon as possible so that we may update you on the progress of your account. This information may be time sensitive and require immediate action." (See Exhibit 4 – NDR Email). The Plaintiff asserts that the post-petition phone email from NDR constituted an act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title in violation of 11 U.S.C. §362(a)(6).

14. The Plaintiff asserts that the Defendant's actions evince contempt and distain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

---

[2] 11 U.S.C. § 362(k)(1) [emphasis added].
[3] *Id.* at 773

15. Schultz has sustained injury and damage as a result of the defendant's violations of the automatic stay. Under 11 U.S.C. §362(k)(1), Schultz is entitled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against NDR for its willful and intentional violations of the automatic stay. The post-petition collection activity, after electronically receiving notice of Schultz's bankruptcy, indicates that NDR does not have proper policies and procedures to avoid violating the automatic stay.

**WHEREFORE**, Schultz asks this Court to enter an order:

(A) Awarding Schultz compensatory damages against NDR including the reasonable attorney's fees and costs incurred by Schultz in the preparation and prosecution of this adversary proceeding;

(B) Awarding Schultz punitive damages against NDR for its willful and intentional violations of the automatic stay, such damages being intended to instill in NDR and other creditors due respect for this court and its orders and to deter them from taking similar action against Schultz and similarly situated debtors in the future;

(C) Voiding the debt owed to NDR by Schultz; and

(D) Granting Schultz any additional or different relief this court deems appropriate.

Dated: 11/21/2024

Respectfully submitted,

/s/ *John C. Larsen*_____

John C. Larsen
Michael A. Wilkins
Counsel for the debtor/plaintiff,
Patti Schultz

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com
michael@jlarsenlaw.com